IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


KEITH LEON BARNETT                                                           PLAINTIFF

v.                              Civil No. 2:23-cv-02022-TLB-MEF

DR. JONATHAN WHITE
(Doctor for Crawford County Detention Center);
NURSE JADEN LACKLAND
(LPN for the CCDC);
MIKE WILLIAMS (CCDC);
OFFICER DERRICK ROLAND (CCDC);
COLTON GREGORY
(Former corrections officer, Crawford County
Justice Center)                                                             DEFENDANTS


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred

this case to the undersigned for the purpose of making a Report and Recommendation.  Currently

before the Court there is a Joint Motion to Dismiss by all Defendants and Alternative Motion for

Attorneys' Fees and Extension of Time.  (ECF No. 64).  Also before the Court is Plaintiff's failure

to prosecute this case.

**I.       BACKGROUND**

Plaintiff filed his Complaint on February 8, 2023.  (ECF No. 1).  He was granted *in forma*

*pauperis* status om March 6, 2023.  (ECF No. 9).  In his Complaint, Plaintiff raised issues

concerning denial of medical care and conditions of his confinement.  (ECF No. 1).

On May 8, 2023, Defendants Roland and Williams submitted a Motion for Judgment on

the Pleadings, Alternative Motion to Stay Proceedings. (ECF No. 16).  The Motion to Stay was

1

based on Defendant Williams' deployment in the Army National Guard, pursuant to the Servicemembers Civil Relief Act, 50 U.S.C.A. §§ 3901-4043.

On June 7, 2023, a Report and Recommendation was entered which found that Plaintiff had stated a plausible claim for denial of recreation against Defendant Williams and Roland, and it noted that Defendants' Motion to Stay did not provide sufficient information to meet the statutory requirements. (ECF No. 28). Thus, it was recommended that the Motion be denied. (*Id*.). Defendants Roland and Williams then filed an Amended Motion for Judgment on the Pleadings (ECF No. 29), and a Motion to Withdraw their original motion (ECF No. 31). An Amended Motion to Stay was filed on June 27, 2023. (ECF No. 35).

In the meantime, Plaintiff filed a Motion to Amend his Complaint, which was granted on June 27, 2023. (ECF Nos. 36, 37, 39). On June 28, 2023, the Court entered an Order withdrawing the pending Report and Recommendation as moot and granting the Motion to Stay on June 28, 2023. (ECF No. 39).

On August 9, 2024, Plaintiff submitted a Notice of Address change stating that he had been released from incarceration and provided the current address of record at 506 Buena Vista in Van Buren, Arkansas. (ECF No. 42).

On February 27, 2025, Defendants Rolan and Williams submitted a Motion to Lift the Stay. (ECF No. 43). This was granted on March 4, 2025. (ECF No. 44).

On November 4, 2025, Defendants filed their Joint Motion to Dismiss. (ECF No. 64). They state that Plaintiff has failed to respond to any discovery despite requests being made by counsel for both sets of parties. (*Id*. at 1-2). They also note that Plaintiff failed to appear for a scheduled deposition via Zoom on October 9, 2025. (*Id*. at 1). They state that no mail sent to Plaintiff has been returned to them. (*Id*. at 1). They argue that Plaintiff "either received the regular mail notice of his deposition and willfully failed to appear or has failed to provide the Court and

2

counsel with his correct address.  In either event, the Defendants should not be prejudiced for the Plaintiff's failure(s)."  (*Id*. at 2).  Plaintiff filed no Response to this Motion.

Despite the numerous mailings noted on the docket, no mail sent to Plaintiff's free-world mailing address has been returned as undeliverable to the Court.  Plaintiff has not contacted the Court since filing his Notice of Address change on August 9, 2024, indicating that he had been released from incarceration.

## II.    LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  ...  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.    ANALYSIS

Plaintiff ceased prosecuting this matter after being released from incarceration.  He has not contacted the Court since August 9, 2024.  He has not responded to multiple requests for discovery

3

from defense counsel, and he failed to appear for a scheduled deposition. Finally, he failed to submit any Response objecting to the Defendants' Joint Motion to Dismiss. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.    CONCLUSION

Accordingly, it is RECOMMENDED that the Joint Motion to Dismiss by all Defendants and Alternative Motion for Attorneys' Fees and Extension of Time (ECF No. 64) be GRANTED and Plaintiff's Amended Complaint (ECF No. 38) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in a waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of March 2026.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

4